PER CURIAM.
As best this Court can determine, the State is attempting to challenge the lower court’s dismissal of four informations filed against appellees alleging that appellees have violated Chapter 517, Florida Securities Act. This Court was not favored by appellant with the record of the proceedings below, but as best we can ascertain after having reviewed the briefs in this cause and the records of a companion case, State of Florida v. Hayes and Williams, 305 So.2d 819, the trial court dismissed the informations in question on the basis that the securities had been delivered to a bank, and thus the transaction would not require appellees to be registered salesmen or dealers.
Florida Statute 517.06(5),[1] 1971, provides that delivery of securities to a bank is an exempt transaction. This statute specifically states that delivery of securities to a bank results in the transaction being exempt. It does not require, as the State urges, that the securities be sold to the bank in the bank’s name for the bank’s use. While the Legislature may have intended such an interpretation, the statute is criminal, and it is elementary and without need of citation that criminal laws are to be strictly construed.
Judgment appealed affirmed.
RAWLS, C. J., JOHNSON, J., and SPECTOR, SAM, Associate Judge (Retired), concur.

. F.S. 517.06(5), 1971 — “The sale, transfer or delivery of securities to a bank, savings institution, trust company, insurance company, corporation, pension plan, or to a broker or dealer.”