545 So.2d 411 (1989)
Rudolph JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1269.
District Court of Appeal of Florida, Third District.
June 13, 1989.
*412 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant Rudolph Johnson from multiple convictions and sentences based on an adverse jury verdict. The defendant raises two points on appeal which we conclude do not present reversible error, and, accordingly, we affirm. We reach this result based on the following briefly stated legal analysis.
First, we conclude that the trial court properly denied the defendant's motion to dismiss based on double jeopardy grounds because, on this record, there is no showing that the prosecuting attorney's misconduct in commenting on the defendant's failure to testify  which resulted in a mistrial, upon the defendant's request, at a prior trial of this cause  was intended to goad the defendant into moving for such a mistrial. The record reveals that the prosecuting attorney made the comment under the mistaken belief that the defendant was required to testify in this case if he displayed his teeth to the jury as he had offered to do at trial. The trial judge found that the prosecuting attorney's misconduct was not designed to intentionally provoke a mistrial, although he regarded the prosecutor's misconduct as being, in effect, reckless. This being so, it is clear that no reversible error is presented by the denial of the motion to dismiss. See, e.g., Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); State v. Iglesias, 374 So.2d 1060 (Fla. 3d DCA 1979).
Second, the trial court did not commit reversible error in failing to conduct a Richardson hearing, see Richardson v. State, 246 So.2d 771 (Fla. 1971), on the state's failure to disclose to the defense an oral, unrecorded statement of a state witness made to the prosecuting attorney. The state was not required to reveal such a statement to the defendant under Fla.R. Crim.P. 3.220(a)(1)(ii), and accordingly, there was no discovery violation by the state upon which to conduct a Richardson hearing.[1]Whitfield v. State, 479 So.2d 208, 215-16 (Fla. 4th DCA 1985).
*413 The final judgments of conviction and sentences under review are, therefore, in all respects
Affirmed.
NOTES
[1] The defendant's reliance on Waters v. State, 369 So.2d 979 (Fla. 3d DCA 1979), is misplaced because that case involved the prosecutor's duty to disclose "the substance of oral statements made by the accused" pursuant to Fla.R.Crim.P. 3.220(a)(1)(iii), which oral statements were disclosed through a change in a state witness' previous testimony. Here, the change of witness testimony complained of did not concern any statement made by the accused. Any duty of disclosure of such witness' testimony arises under Fla.R.Crim.P. 3.220(a)(1)(ii), which defines a discoverable "statement" of such witness as "a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the [s]tate and recorded contemporaneously with the making of such oral statement... ." Fla.R.Crim.P. 3.220(a)(1)(ii) (emphasis added).