946 So.2d 34 (2006)
Purdie BURKES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3523.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
Rehearing Denied January 19, 2007.
*35 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Purdie Burkes appeals his conviction of DUI manslaughter. While none of the issues raised by Mr. Burkes require reversal, one merits discussion.
Mr. Burkes was charged with DUI manslaughter after the vehicle that he was driving on a dark, foggy night, struck and killed a bicyclist. At trial, the State presented the testimony of Corporal Brian Rayner, a traffic homicide investigator with the Florida Highway Patrol. Corporal Rayner provided extensive testimony regarding the observations, photographs and measurements he made at the accident scene shortly after the crash. As part of his investigation, Corporal Rayner sprayed paint on the roadway so that "yaw marks"[1] left by Mr. Burke's vehicle would be more visible in the photographs. As the trial would unfold, the yaw marks were important in helping to determine if Mr. Burkes drifted off the paved roadway and struck the bicyclist directly from behind as he was coming back onto the roadway as the State argued, or whether the bicyclist was riding on the white fog line marking the far right limit of the pavement and was sideswiped by Mr. Burkes who was unable to see her due to the darkness and fog as the defense contended.
The defense called Sal Fariello as an expert witness in accident reconstruction. Mr. Fariello testified that when he visited *36 the accident scene some thirteen months after the accident occurred, the paint marks that Corporal Rayner had sprayed on the pavement were still present, and that he used those marks in reaching his conclusions regarding the cause of the accident. After Mr. Fariello's testimony, the defense rested and court adjourned for the day. The next morning, the State recalled Corporal Rayner as a rebuttal witness. Corporal Rayner testified that at the prosecutor's request, he had gone to the accident scene earlier that same morning (approximately a month after Mr. Fariello's visit), to determine if any of the paint marks he placed on the roadway still remained. He testified that none of the paint marks were still there, which was not surprising to him, because the temporary paint he used lasts only two or three months. Mr. Burkes's counsel immediately objected to Corporal Rayner's rebuttal testimony, contending that any testimony about Corporal Rayner's mid-trial visit to the accident scene was a discovery violation. Concluding that rebuttal witnesses need not be disclosed, the trial judge overruled the objection.
While we disagree with the trial court's conclusion that rebuttal witnesses are not subject to the discovery requirements imposed by Florida Rule of Criminal Procedure 3.220(b), see Sharif v. State, 589 So.2d 960 (Fla. 2d DCA 1991) (holding that identity of rebuttal witnesses is not excepted from State's discovery obligation), we nevertheless affirm, because the State was under no obligation to disclose Corporal Rayner's mid-trial observations at the accident scene.
Florida Rule of Criminal Procedure 3.220(b) sets forth the prosecutor's obligation to provide discovery. That rule provides in pertinent part:
(b) Prosecutor's Discovery Obligation.
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession and control:
. . . .
(A) a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto. . . .
(B) the statement of any person whose name is furnished in compliance with the preceding subdivision. The term "statement" as used herein includes . . . any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. . . . The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are complied. . . .
Fla. R.Crim. P. 3.220(b). Under this rule, it is apparent that Corporal Rayner, the lead investigator, was a person whom the State was obliged to disclose as having information relevant to the case. That obligation is not in dispute here.
Florida Rule of Criminal Procedure 3.220(j) establishes a continuing duty to disclose. That rule provides:
If, subsequent to compliance with the rules [of discovery], a party discovers additional witnesses or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party shall promptly disclose or produce the witnesses or material in the same manner *37 as required under these rules for initial discovery.
Fla. R.Crim. P. 3.220(j). This rule is violated when the State or the defense withholds "additional witnesses or material" that, if discovered earlier, would have been subject to mandatory disclosure.
According to Mr. Burkes, the State would have been required to disclose Corporal Rayner's anticipated testimony resulting from his mid-trial visit to the accident scene under rule 3.220 as a "police or investigative" report. We disagree with Mr. Burkes's interpretation of the State's discovery obligation. Corporal Rayner's rebuttal testimony was not Brady[2] material and was not a material alteration to an existing written or recorded statement previously provided by the State to the defendant or obtained by the defendant at deposition. Scipio v. State, 928 So.2d 1138, 1143 (Fla.2006). Nor was it a statement as contemplated by rule 3.220(b)(1)(B). While the term "statement" includes all police and investigative reports, courts construing rule 3.220(b)(1)(B) have determined that the State is not required to disclose to the defendant a witness's oral statement when such statement has not been reduced to writing or recorded in a manner prescribed by the rule. See, e.g., Olson v. State, 705 So.2d 687, 690-91 (Fla. 5th DCA 1998). To do otherwise would require the prosecutor to record and disclose virtually any case related conversation with an investigator.
For these reasons, we conclude that no discovery violation occurred and, consequently, there was no need to conduct a Richardson[3] hearing. In doing so, we do not suggest that prosecutors should encourage witnesses, including law enforcement officers, to refrain from putting relevant information into written form in the normal course of business. However, in this instance, there is no suggestion that the State was playing "hide the ball." To the contrary, the defense expert had not provided a written report prior to trial, and, as a result, the State first heard of Mr. Fariello's reliance on the paint marks during the trial. We see no violation of either the letter or spirit of the discovery rules, and, consequently, affirm Mr. Burkes's conviction and sentence.
AFFIRMED.
PLEUS, C.J., and GRIFFIN, J., concur.
NOTES
[1] A yaw mark is a rubber mark left on the road by a tire after a vehicle is turned suddenly from its direct course.
[2] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that the State must disclose material information within the State's possession or control that tends to negate the guilt of the defendant).
[3] Richardson v. State, 246 So.2d 771 (Fla. 1971).