15 So.3d 755 (2009)
Joseph Eugene McFADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2098.
District Court of Appeal of Florida, Fourth District.
July 15, 2009.
Rehearing Denied September 3, 2009.
*756 Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant had a business relationship with one Ritter selling audio systems and parts. They had a dispute over money. Ritter and a friend went to defendant's house, where he lived with his sister, and demanded a sum of money. Racial epithets were heard. Ritter claimed defendant accosted him with a shotgun in the front yard, which he then tried to take from defendant. Bystanders joined in the fray. Ritter suffered a concussion and a broken ankle. He said defendant and his friends left with some of his audio equipment.
At trial defendant tried to show self defense. He called his sister to testify. She missed the affray but saw defendant walk into the house afterwards. She said her brother did not have a gun and that he walked into the house afterwards with nothing in his hands. She said there had never been a gun in their house.
The State called a detective in rebuttal. He testified that he spoke to the sister on the day before the incident. She told him of her concerns about her brother, that he possessed a shotgun. Defendant immediately objected, arguing a discovery violation because this conversation had never been disclosed to the defense. The State said it did not know she was going to say there were no guns in the house. The court overruled the objection without inquiry. The court explained that the State did not know what defendant's witness was going to say. On appeal, defendant argues this discovery violation requires a new trial. We agree.
Florida Rule of Criminal Procedure 3.220(b)(1) requires the State to disclose to the defense, among other things, the following:
"(T)he statement of any person whose name is furnished in compliance with [rule 3.220(b)(1)(A)]. The term `statement' as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made *757 by the person and written or recorded or summarized in any writing or recording. The term `statement' is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are compiled." [e.s.]
Fla. R.Crim. P. 3.220(b)(1)(B). Richardson v. State, 246 So.2d 771 (Fla. 1971), obligates the trial court to conduct an inquiry into discovery violations and determine the effects of non-disclosure and the extent of any prejudice to the defense. In Scipio v. State, 928 So.2d 1138 (Fla.2006), the court explained:
"This Court has held that the chief purpose of our discovery rules is to assist the truth-finding function of our justice system and to avoid trial by surprise or ambush."
"Because full and fair discovery is essential to these important goals, we have repeatedly emphasized not only compliance with the technical provisions of the discovery rules, but also adherence to the purpose and spirit of those rules in both the criminal and civil context. This Court has explained that the rules of discovery are intended to avoid surprise and `trial by ambush.'"
928 So.2d at 1144 (internal citations omitted). We have no trouble in concluding that the State's failure to disclose the substance of the detective's testimony was directly contrary to the purpose and spirit of this provision. If the State is guilty of a discovery violation it is required to show beyond any reasonable doubt that the violation did not materially hinder defendant's trial preparation or strategy. Scipio, 928 So.2d at 1150. It has not done so here.
The State argues that rule 3.220(b)(1)(B) did not cover the oral statement of the police detective because it was not a written statement. The rule's operative term is includes ("term `statement' as used herein includes ..."). The State would have us understand that includes is here synonymous with comprise. We reject this interpretation.
The standard meaning of the word includes is not as a term of limitation but only as a partial listing of a larger whole. See AMER. HERITAGE DICT. (3d ed.) 913 ("to take in as a part, an element, or a member; to contain as a secondary or subordinate element; to consider with or place into a group, class, or total.").[1] Indeed, one eminent authority on language has stressed that includes should not be employed when comprises is intended, as the State would have us do here:
"comprise is appropriate when what is in question is the content of the whole, and include when it is the admission or presence of an item. With include, there is no presumption (though it is often the fact) that all or even most of the components are mentioned; with comprise, the whole of them are understood to be in the list."
*758 H.W. Fowler, DICT. OF MODERN ENGLISH USAGE (2d ed.) 275.
Admittedly includes is sometimes used uncritically to signify a full listing, one meant to cover exhaustively the entire specified set. But using include in place of comprise without qualifiers to mean a thorough listing raises an inherent ambiguity, as this usage note explains:
"Some writers have insisted that include be used only when it is followed by a partial list of the contents of the referent of the subject. This restriction is too strong. Include does not rule out the possibility of a complete listing. When one wants to make clear that the listing is exhaustive, however, the use of comprise or consist of will avoid ambiguity."
AMER. HERITAGE DICT. (3d ed.) 913 (examples and illustrations omitted). Doing so with this rule of criminal procedure produces an unnecessary ambiguity.[2]
Defendant is entitled to a new trial where all other issues raised on this appeal may be revisited in the trial court.
Reversed.
CIKLIN, J., concurs.
HAZOURI, J., specially concurs with opinion.
HAZOURI, J., concurring specially.
I concur and write to note that the error here was compounded by the failure of the trial judge to conduct a Richardson[3] hearing. When McFadden's counsel objected and asserted a discovery violation, the trial judge overruled the objection because he concluded the detective's testimony was rebuttal and, therefore, not subject to a discovery violation. "There is neither a rebuttal nor impeachment exception to the Richardson rule." Elledge v. State, 613 So.2d 434, 436 (Fla.1993); see also Portner v. State, 802 So.2d 442, 446 (Fla. 4th DCA 2001) (citing Elledge, 613 So.2d at 436).
NOTES
[1] See also McLaughlin v. State, 698 So.2d 296, 298 (Fla. 3d DCA 1997) (includes is term of enlargement not of limitation); Miami Country Day School v. Bakst, 641 So.2d 467 (Fla. 3d DCA 1994) (holding that legislature meant includes to enlarge definition); Yon v. Fleming, 595 So.2d 573, 577 (Fla. 4th DCA), rev. denied, 599 So.2d 1281 (Fla.1992) (holding that within meaning of Uniform Jurisdiction Child Custody Act, includes is term of enlargement not of limitation); but see Tyson v. Viacom Inc., 760 So.2d 276 (Fla. 4th DCA 2000) (in context includes is unambiguously one of limitation not enlargement). It is elementary in the interpretation of criminal law that ambiguities are construed in defendant's favor. State v. Hayes, 305 So.2d 822 (Fla. 1st DCA 1975), cert. denied, 317 So.2d 764 (Fla. 1975) (criminal laws are to be strictly construed).
[2] See Rotstein v. Dep't of Prof. & Occ. Reg., 397 So.2d 305, 311 (Fla. 1st DCA 1980) (construing statutory term include to favor licensee in license disciplinary proceeding).
[3] Richardson v. State, 246 So.2d 771, 775 (Fla.1971).