50 So.3d 1131 (2010)
STATE of Florida, Petitioner,
v.
Joseph Eugene McFADDEN, Respondent.
No. SC09-1755.
Supreme Court of Florida.
October 7, 2010.
Rehearing Denied December 8, 2010.
Bill McCollum, Attorney General, Tallahassee, FL, Celia Terenzio, Bureau Chief, Helen C. Hvizd and Myra J. Fried, Assistant Attorneys General, West Palm Beach, FL, for Petitioner.
Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defenders, Fifteenth Judicial Circuit, West Palm Beach, FL, for Respondent.
POLSTON, J.
The State seeks review of the decision of the Fourth District Court of Appeal in McFadden v. State, 15 So.3d 755 (Fla. 4th DCA 2009), on the grounds that it expressly and directly conflicts with the decision of this Court in State v. Evans, 770 So.2d 1174 (Fla.2000).[1] The issue before this *1132 Court is whether Florida Rule of Criminal Procedure 3.220(b)(1)(B) requires the State to disclose to a defendant an oral, unrecorded witness statement if that statement does not materially change a prior recorded statement previously provided to the defendant by the State. We hold that, pursuant to Evans, rule 3.220(b)(1)(B) does not apply to such oral, unrecorded statements. Accordingly, we quash the decision of the Fourth District.

I. BACKGROUND
Joseph McFadden was charged with three felony counts arising out of an armed robbery that occurred on April 20, 2007. At trial, the defense called McFadden's sister, who testified that there had never been a gun in the house she shared with McFadden. McFadden, 15 So.3d at 756. It was the first time McFadden's sister had ever made this claim on record. In fact, the only recorded statement McFadden's sister ever made regarding a gun, prior to testifying at trial, was during her deposition, when she merely stated that McFadden was not carrying a shotgun when he entered the house on the evening of the armed robbery. In her deposition, she was not asked and made no claims regarding whether there had ever been a gun in the house, or whether she had ever reported a gun being in the house.
The State, surprised by McFadden's sister's testimony at trial, called a sheriff's deputy on rebuttal to testify regarding a prior inconsistent verbal statement McFadden's sister had made. See id. The deputy testified that McFadden's sister had spoken with him on the day before the armed robbery to report her concern about a shotgun McFadden was keeping in their house. Id. The defense immediately objected to this testimony, but the trial court overruled the objection and allowed the deputy to testify regarding this prior conversation. Id. McFadden was ultimately convicted on all counts and received a life sentence.
On appeal to the Fourth District, McFadden argued that the State had violated discovery required by rule 3.220(b)(1)(B), by not disclosing his sister's oral statement before trial. The State argued that disclosure was unnecessary because the oral statement was never written or otherwise recorded and therefore was not subject to the disclosure requirements of the rule. Id. at 757. The Fourth District agreed with McFadden that the nondisclosure was a discovery violation, concluding that "the State's failure to disclose the substance of the detective's testimony was directly contrary to the purpose and spirit of [rule 3.220(b)(1)(B)]." Id. The Fourth District explained that, accordingly, the trial court should have conducted a Richardson[2] hearing to determine the effect of this discovery violation, and McFadden was granted a new trial. See id. at 757-58. The State sought review of the decision of the Fourth District in this Court.

II. ANALYSIS
Rule 3.220(b)(1)(B) requires the State to disclose to the defendant "the statement of any person" who is a witness as defined by rule 3.220(b)(1)(A). The types of statements subject to disclosure are defined as follows:
The term "statement" as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and *1133 also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are compiled[.]
Fla. R.Crim. P. 3.220(b)(1)(B).[3]
On its face, the rule does not include unrecorded oral statements. Additionally, this Court in Evans discussed the meaning of rule 3.220(b)(1)(B), and whether it applies to oral witness statements that have not been written or recorded:
Courts construing rule 3.220(b)(1)(B) have determined that the State is not required to disclose to the defendant a witness's oral statement when such statement has not been reduced to writing or recorded in a manner prescribed by the rule. See, e.g., Olson v. State, 705 So.2d 687, 690-91 (Fla. 5th DCA 1998) (stating that the clear implication of rule 3.220(b)(1)(B) is that witness statements "if not written or recorded, are not discoverable"); Johnson v. State, 545 So.2d 411, 412 (Fla. 3d DCA 1989) (determining that State was not required to disclose to the defendant an oral, unrecorded statement made by a state witness to the prosecutor); Whitfield v. State, 479 So.2d 208, 215-16 (Fla. 4th DCA 1985) (determining that witness's oral statements to prosecutor after suppression hearing were not discoverable, in part because such statements were not written or recorded); cf. Watson v. State, 651 So.2d 1159, 1163-64 (Fla.1994) (determining that oral statement made by State's expert witness was not discoverable, as it was not a "statement" as defined in rule 3.220(a)(1)(ii) (1988), the predecessor to current rule 3.220(b)(1)(B)).
Evans, 770 So.2d at 1180. Acknowledging this settled interpretation of rule 3.220(b)(1)(B), we recognized an exception in Evans that requires disclosure when "the oral statement materially alters a prior written or recorded statement previously provided by the State to the defendant." Id. We explained that, ordinarily, "unlike failure to name a witness, changed testimony does not rise to the level of a discovery violation and will not support a motion for a Richardson inquiry." Id. at 1178 (quoting Bush v. State, 461 So.2d 936, 938 (Fla. 1984)). However, when a witness is "transformed from a witness who `didn't see anything' into an eyewitnessindeed, apparently the only eyewitnessto the [crime,] ... the State's nondisclosure of the changes ... was tantamount to failing to name a witness at all" and therefore warranted a Richardson hearing. Id. at 1182.
But the limited exception set forth in Evans is not applicable to this case, where the oral statement at issue occurred before McFadden's sister made any recorded case-related statements. In fact, the prior oral statement to the deputy, which was never recorded in any manner, was made before the events underlying this case arose. Moreover, the oral statement that McFadden kept a shotgun in the house was not a material departure from any recorded statement McFadden's sister had made and was certainly not a radical change in testimony, as was the basis for requiring disclosure in Evans. Rather, in her deposition, McFadden's sister stated only that McFadden was not carrying a shotgun when he entered the house on the *1134 evening of the armed robbery. She made no claims regarding whether a gun had ever been present in the house. And because the earlier oral statement was not inconsistent with anything McFadden's sister said in her deposition or in any other recorded statement, it did not "materially alter[ ] a prior written or recorded statement previously provided by the State to the defendant." Id. at 1180. Therefore, according to Evans, the State was not required to disclose the oral statement to McFadden.
Florida district courts have repeatedly held, consistent with Evans, that rule 3.220(b)(1)(B) does not require the State to disclose a witness's oral statement when that statement was not written or recorded. See, e.g., Burkes, 946 So.2d at 37; Olson, 705 So.2d at 691; Johnson, 545 So.2d at 412. "To do otherwise would require the prosecutor to record and disclose virtually any case[-]related conversation...." Burkes, 946 So.2d at 37. As the Fifth District has explained, when information from a witness is not a statement as defined by rule 3.220(b)(1)(B), "the State [i]s under no obligation to disclose" the information if that information is "not Brady[4] material and [i]s not a material alteration to an existing written or recorded statement previously provided by the State to the defendant." Id. at 36-37. In such circumstances of nondisclosure by the State, "no discovery violation [has] occurred and, consequently, there [i]s no need to conduct a Richardson hearing." Id. at 37. Likewise, we hold that no discovery violation occurred here; therefore, there was no need for the trial court to conduct a Richardson hearing.

III. CONCLUSION
Applying our precedent in Evans, we quash the decision of the Fourth District and remand for further proceedings consistent with this opinion.
It is so ordered.
CANADY, C.J., and QUINCE, LABARGA, and PERRY, JJ., concur.
LEWIS, J., dissenting with an opinion.
PARIENTE, J., recused.
LEWIS, J., dissenting.
Common sense suggests that this case presents an issue of concern and raises many unanswered questions. Mr. McFadden was charged with crimes which involved the use and possession of a firearm. He presented a theory of self-defense that included a statement by his sister that a firearm had never been possessed within the residence where the crimes allegedly occurred. Suddenly, in the midst of trial, the State surprisingly presented previously undisclosed statements through the testimony of a police officer, who was not only known but also conveniently and immediately accessible to the State for the very purpose of impeaching the statements of the sister. Moreover, on appeal, the State conceded that the prosecutor was aware of prior statements by the sister with regard to firearms, and when the sister testified that there had never been a firearm in the residence, the prosecutor instantly stated, "That opens the door." As a representative of the State of Florida, a prosecutor's interest is not simply to win cases but to ensure that the law is applied fairly and justly. See Scipio v. State, 928 So.2d 1138, 1145 (Fla.2006) (quoting Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 *1135 L.Ed. 1314 (1935)). Thus, it is confounding that the State now asserts that there is nothing wrong with the situation that occurred during this trial.
Regardless of whether the statement was revealed during rebuttal, common sense dictates that this type of statement should not be disclosed for the first time during trial in a courtroom without the trial court conducting an inquiry as to whether a discovery violation occurred. This Court has consistently held that the chief purpose of the rules of discovery is to facilitate the truth-finding function of our justice system and to prevent trial by surprise or ambush. See Scipio, 928 So.2d 1138 at 1144; State v. Evans, 770 So.2d 1174, 1182 (Fla.2000); Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981); Kilpatrick v. State, 376 So.2d 386, 388 (Fla.1979). Accordingly, once a possible discovery violation is brought to the attention of the trial court, the court can properly exercise its discretion only after it has made an adequate inquiry into all of the surrounding circumstances. See Richardson v. State, 246 So.2d 771, 775 (Fla.1971) (quoting Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970)); see also Sears v. State, 656 So.2d 595, 596 (Fla. 1st DCA 1995) (citing Lowery v. State, 610 So.2d 657 (Fla. 1st DCA 1992); D.R. v. State, 588 So.2d 327 (Fla. 4th DCA 1991)). In holding that a harmless error analysis applies to the failure to conduct an adequate Richardson hearing, this Court noted that in the vast majority of cases, it is likely that an appellate court will be unable to determine from a cold record whether the error is harmless without the facts developed by a Richardson inquiry. See State v. Schopp, 653 So.2d 1016, 1019-1021 (Fla. 1995). This is such a case.
As noted by Judge Hazouri below,
the error here was compounded by the failure of the trial judge to conduct a Richardson hearing. When McFadden's counsel objected and asserted a discovery violation, the trial judge overruled the objection because he concluded the detective's testimony was rebuttal and, therefore, not subject to a discovery violation. "There is neither a rebuttal nor impeachment exception to the Richardson rule." Elledge v. State, 613 So.2d 434, 436 (Fla.1993); see also Portner v. State, 802 So.2d 442, 446 (Fla. 4th DCA 2001) (citing Elledge, 613 So.2d at 436).
McFadden v. State, 15 So.3d 755, 758 (Fla. 4th DCA 2009) (Hazouri, J., concurring specially) (footnote omitted). The majority focuses on whether Florida Rule of Criminal Procedure 3.220(b)(1)(B) requires the State to disclose oral, unrecorded witness statements if the statement does not materially change a prior recorded statement previously provided to the defendant by the State. This was not the basis for the trial court's ruling below. The fundamental underpinnings of the majority's analysis rest on the assumption that this statement was never recorded. However, without an adequate inquiry by the trial court, it is impossible to establish whether this statement was, in fact, recorded in some form elsewhere, such as by the other officer who testified in the case. Thus, it was necessary for the trial court to conduct a Richardson hearing to ascertain the circumstances surrounding the creation of the statement to determine whether a violation occurred.
Our system contains serious, fundamental flaws if we allow the State to play a disingenuous game of "hide the ball" without judicial inquiry into these actions. In my view, there are profound and concerning issues with the State possessing evidence that is damning to a defendant and not being required to disclose that evidence. *1136 When a party faces trial, it is necessary to know whether a witness is going to provide ruinous and devastating evidence. If we start down this path, parties will never know what statements they are required to produce. Moreover, the decision of the majority foreshadows the inevitable and undesirable result that key statements will not be placed into writing or recorded as a means to avoid production through discovery. It is the duty of the trial court to conduct hearings to ascertain and determine whether violations occur.
Accordingly, I must dissent and agree with the court below because the majority holds that a Richardson hearing was not required.
NOTES
[1] The State also asserts conflict with the decisions of the Fifth District Court of Appeal in both Burkes v. State, 946 So.2d 34 (Fla. 5th DCA 2006), and Olson v. State, 705 So.2d 687 (Fla. 5th DCA 1998), and the decision of the Third District Court of Appeal in Johnson v. State, 545 So.2d 411 (Fla. 3d DCA 1989). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
[2] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[3] We review the district courts' construction of a procedural rule de novo. Barco v. School Bd. of Pinellas County, 975 So.2d 1116, 1121 (Fla.2008).
[4] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that the State must disclose material information within the State's possession or control that tends to negate the guilt of the defendant).