IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DANIEL SCOTT,

      Appellant,

 v.                                    Case No.  5D16-3843

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 17, 2017

Appeal from the Circuit Court
for Orange County,
Thomas W. Turner, Judge.

James S. Purdy, Public Defender, and Noel
A. Pelella, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

      Daniel Scott appeals his convictions after trial for robbery with a firearm, fleeing or

attempting to elude a law enforcement officer at high speed or with wanton disregard, and

resisting an officer without violence.  Scott raises three issues on appeal.  We affirm

without further discussion the second and third issues raised by Scott concerning whether

fundamental error was committed by the trial court's minor addition to a standard jury instruction and his claim of cumulative error. As to Scott's first issue, we conclude that the trial court did not err in denying Scott's motion for mistrial based on the State's alleged discovery violation in failing to disclose to the defense its fingerprint expert's oral statement revealed during rebuttal because, first, there was no discovery violation, and second, even if the State's failure to disclose was a discovery violation, the record establishes that the violation was harmless. Accordingly, we affirm.

Background

Two employees at an AT&T store in Orlando, Florida, observed a black Kia Forte automobile twice come into the parking lot in front of the store and then leave. When the car appeared a third time, two men wearing black wigs, hats, sunglasses, and gloves exited the car and came into the store. One of the men was carrying a gun, and the two ordered the employees into a back room of the store and forced them to lay on their stomachs. The assailants then took cellphones, tablets, and over $2000 in cash from the store and fled. One of the employees immediately called 9-1-1 and described the getaway car. Soon thereafter, law enforcement engaged in a high speed pursuit of the vehicle before immobilizing it. The two suspects in the car fled in different directions but were quickly apprehended. These two men, Daniel Scott and Jajuan Bryant, were identified shortly thereafter by the AT&T employees, who also separately identified the vehicle, gun, wigs, and sunglasses used in the robbery. Additionally, the law enforcement officers who chased the two men after they fled in their car identified Scott as the driver of the getaway car and Bryant as the passenger. The items stolen from the AT&T store were found by the officers in trash bags located in the car.

A total of 123 latent fingerprints were obtained from the crime scene, car, and items found inside the car and were provided to the State's fingerprint analyst, Marco Palacio, to compare against Scott and Bryant's known fingerprints. In his written report, Palacio confirmed that Scott's fingerprints matched five of the prints taken from the sunglasses and the trash bags and that eleven of the other 123 latent prints matched Bryant's known fingerprints. Pertinent to this appeal, seventy-seven of these latent prints were not matched to anybody related to the investigation.

The trial in the case began on Monday, September 12, 2016. Well before trial, Scott's co-defendant, Bryant, pleaded guilty to the same charges filed against Scott and was sentenced to prison. Scott listed Bryant as a potential trial witness, and on September 8, four days before trial, Scott's counsel advised the State that he anticipated that Bryant would testify that a different person, Lester Register, and not Scott, was Bryant's accomplice in the robbery. As a result, the next day, the prosecutor asked her expert, Palacio, to compare Register's known fingerprints against the aforementioned latent prints.

During the State's case-in-chief, Palacio testified that Scott's prints were found on the sunglasses and the trash bags found in the getaway car. Just before noon on Wednesday, September 14, after the State had rested its case, Palacio told the prosecutor that he had examined twenty of the previously unmatched latent prints and that Register's fingerprints did not match any of these twenty prints.

That afternoon, Scott called Bryant as his first witness. Bryant testified that Scott was his best friend and that he had been at Bryant's apartment the morning of the robbery. Bryant stated that while at the apartment, Scott touched one of the pair of sunglasses that

3

were later worn during the robbery and that Scott also placed in Bryant's car the trash bags from which the items stolen from the AT&T store were later recovered by the police. Bryant further testified that he advised Scott that he was going to commit a robbery later that day and that Scott left the apartment not long thereafter. Bryant then testified that Register committed the robbery with him and that they had each deliberately worn gloves during the robbery so as not to leave fingerprints. Scott called one other witness in his defense[1] and then rested without testifying.

On rebuttal, the State first called Register, who denied committing the robbery or knowing Scott or Bryant. As its second and final rebuttal witness, the State recalled Palacio, who testified that he compared the unidentified latent prints to Register's known prints. At this point, Scott's counsel objected and moved for a mistrial, arguing that the State committed a discovery violation by not previously disclosing the substance of Palacio's rebuttal testimony that Palacio had compared the latent prints to Register's prints. Outside the presence of the jury, the court addressed the alleged discovery violation by holding what is commonly referred to as a *Richardson*[2] hearing. After receiving further testimony from Palacio together with representations and argument from counsel concerning this disclosure, the court found that the State committed a "technical" discovery violation, but that it was not willful and did not prejudice Scott. The court denied the motion for mistrial. Palacio thereafter testified to the jury that he was only able to examine twenty of the seventy-seven previously unidentified latent prints and that Register's fingerprints did not match any of these twenty prints.

---

[1] The testimony from this witness is not germane to any issue raised on appeal.

[2] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

4

<u>Analysis</u>

On appeal, Scott contends that the State committed a significant discovery violation by failing to disclose Palacio's analysis that Register's fingerprints did not match any of the twenty latent prints that were re-examined just before trial and thus, the trial court erred in denying his motion for mistrial.

> When a defendant claims that the State has violated the rules of discovery, the trial court must first determine whether there was a discovery violation. If a violation has occurred, then the court must determine whether the violation was willful or inadvertent, if the violation was trivial or substantial, and whether it "resulted in prejudice or harm to the defendant."

*Rojas v. State*, 904 So. 2d 598, 600 (Fla. 5th DCA 2005) (quoting *Richardson*, 246 So. 2d at 775). Therefore, our first step is to determine whether the State's failure to timely disclose Palacio's oral statement was a discovery violation, which depends on whether the State was required to disclose the oral statement to Scott.

Florida Rule of Criminal Procedure 3.220(b)(1)(A) requires, in pertinent part, that the State provide to a defendant a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto. Rule 3.220(b)(1)(B) directs that the State must also provide to the defense the statement of any such person so named, including reports or statements of experts. *See* Fla. R. Crim. P. 3.220(b)(1)(J). These disclosure rules apply to witnesses and evidence that may be introduced during rebuttal. *Lowery v. State*, 610 So. 2d 657, 659 (Fla. 1st DCA 1992). Lastly, although the State did previously list Palacio as a witness and provide Palacio's written analysis that Scott and Bryant's fingerprints were found among the 123 latent prints recovered by the crime scene investigators, the State

has a continuing obligation under this rule to promptly disclose additional discoverable information to the defense. *See* Fla. R. Crim. P. 3.220(j).

The term "statement" as used in rule 3.220 is defined as "a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording." Fla. R. Crim. P. 3.220(b)(1)(B). Here, Palacio did not prepare a written report as to his findings that Register's prints did not match the twenty latent prints that he had re-examined just prior to trial nor was his oral statement contemporaneously recorded or summarized in any writing. In *Watson v. State*, 651 So. 2d 1159 (Fla. 1994), the court, in construing the predecessor to rule 3.220(b)(1)(B), determined that the State's withholding of an oral statement made by its expert witness was not a discovery violation because the statement was not discoverable. The court held that the reference in the rule to "'statement' is limited to written statements or contemporaneously recorded oral statements." *Watson*, 651 So. 2d at 1163–64. Later, in *State v. McFadden*, 50 So. 3d 1131 (Fla. 2010), the court held that rule 3.220(b)(1)(B) did not require the State to disclose to a defendant an oral, unrecorded witness statement because "[o]n its face, the rule does not include unrecorded oral statements." 50 So. 3d at 1133. Our court has also explained that the State is under no obligation to disclose information that it receives from a witness that is not a statement as defined by rule 3.220(b)(1)(B), provided that information is not "*Brady*"[3] material or is not a material

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the State must disclose material information within the State's possession or control that tends to negate the guilt of the defendant). Palacio's findings that Register's fingerprints did not match the twenty latent prints did not tend to negate Scott's guilt.

alteration to an existing written or recorded statement previously provided by the State to the defendant.[4]  *Burkes v. State*, 946 So. 2d 34, 36–37 (Fla. 5th DCA 2006) (citing *Scipio v. State*, 928 So. 2d 1138, 1143 (Fla. 2006)).  Neither exception is applicable in this case.  Thus, under *McFadden* and *Watson*, the prosecutor's failure to disclose Palacio's oral statement that there was no match between Register's prints and the twenty latent prints was not a discovery violation.

We further conclude that even if the State's nondisclosure was a discovery violation, the trial court did not abuse its discretion in finding that Scott was not prejudiced.  A trial court's decision on whether a discovery violation was willful or inadvertent, trivial or substantial, and whether it resulted in prejudice or harm to the defendant is reviewed under the abuse of discretion standard.  *Cox v. State*, 819 So. 2d 705, 712 (Fla. 2002) (citing *State v. Tascarella*, 580 So. 2d 154, 157 (Fla. 1991)).  The prejudice inquiry that the trial court must resolve at a *Richardson* hearing is "whether there is a reasonable possibility that the discovery violation 'materially hindered the defendant's trial preparation or strategy.'"  *Scipio*, 928 So. 2d at 1150 (quoting *State v. Schopp*, 653 So. 2d 1016, 1020 (Fla. 1995)). However, a discovery violation may be considered harmless if an appellate court can determine, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the violation.  *Casica v. State*, 24 So. 3d 1236, 1240 (Fla. 4th DCA 2009)

---

[4] In *State v. Evans*, 770 So. 2d 1174, 1180 (Fla. 2000), the Florida Supreme Court recognized a limited exception to this rule, holding that disclosure is required when "the oral statement materially alters a prior written or recorded statement previously provided by the State to the defendant."  This exception is not applicable here because Palacio's oral statement that Register's prints did not match the twenty latent prints re-examined just before trial did not alter Palacio's earlier written statement regarding Scott and Bryant's fingerprints.

7

(citing *Scipio*, 928 So. 2d at 1150). "The burden is on the State to demonstrate the lack of procedural prejudice to the [defendant]." *Goldsmith v. State*, 182 So. 3d 824, 828 (Fla. 4th DCA 2016) (citing *Brown v. State*, 165 So. 3d 726, 729–30 (Fla. 4th DCA 2015)).

Scott's trial strategy was to argue that a third person, Register, committed the robbery with Bryant. Palacio's testimony in rebuttal that he did not find Register's prints contained in the twenty latent prints that he examined did not affect Scott's strategy or trial preparation. First, Bryant and, for that matter, the two AT&T employees, testified that both assailants wore gloves during the robbery, with Bryant specifically testifying that the reason for wearing the gloves was to not leave fingerprints. Palacio's rebuttal testimony that Register's fingerprints were not matched to the twenty latent prints that he examined just before trial was not inconsistent with Bryant's testimony, nor did it affect Scott's "third person" defense. Second, Bryant's testimony was necessary to explain that Scott's fingerprints on the sunglasses and garbage bags found in the getaway car were innocently placed there by Scott at Bryant's apartment well before the robbery. Third, even after Palacio's examination of the twenty latent prints, there still remained a substantial number of unmatched and otherwise unidentified latent prints to allow Scott's third-party theory defense to be asserted. *See Consalvo v. State*, 697 So. 2d 805, 813 (Fla. 1996) (holding that even if the State committed a discovery violation by disclosing to defense counsel during trial the additional results of the fingerprint expert's analysis performed one day before trial, the trial court did not err in concluding that the defense was not prejudiced as there still remained a substantial number of unidentified prints even after the analysis so that the third-party theory could still be asserted).

Accordingly, because we conclude that no discovery violation was committed by the State, but that even if there was a discovery violation, it was harmless,[5] we affirm Scott's convictions.

AFFIRMED.

COHEN, C.J., and ORFINGER, J., concur.

---

[5] The State also argues on appeal that while the prosecutor did not immediately disclose to defense counsel the results of Palacio's comparison of Register's fingerprints to the unidentified latent prints, she advised the court during the *Richardson* hearing that she had disclosed the results to defense counsel during Scott's presentation of his defense and specifically did so prior to Scott deciding whether to exercise his right to testify. Thus, the State essentially contends that Scott waived his argument that a discovery violation occurred by not timely raising it. During the hearing, Scott's trial counsel advised the trial court that he had been told by the prosecutor "that [Palacio] was going to be talking about comparison of Lester Register, that's it. That's not disclosure." The trial court expressed some skepticism with counsel's position but made no distinct factual finding as to whether Scott's counsel was aware of Palacio's findings regarding the lack of Register's fingerprints prior to Palacio being called as a rebuttal witness. If defense counsel had been aware of the substance of Palacio's rebuttal testimony, then counsel should have raised the alleged discovery violation prior to Palacio's testimony and secured a ruling from the court on whether to preclude Palacio from testifying in rebuttal. A discovery violation can be waived if not timely raised. *See Guzman v. State*, 42 So. 3d 941, 944 (Fla. 4th DCA 2010). However, in light of our decision today, we find it unnecessary to address the merits of this argument.

9