# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-4005

_____

SIGFREDO GARCIA,

    Appellant/Cross-Appellee,

    v.

STATE OF FLORIDA,

    Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

September 29, 2021

PER CURIAM.

Appellant, Sigfredo Garcia, appeals his convictions for first-degree murder and conspiracy to commit murder, and the State cross-appeals. Appellant asserts on appeal that the trial court erred in its ruling on the State's discovery violation and in its response to a jury question during deliberations. For the reasons that follow, we affirm Appellant's convictions and dismiss the cross-appeal.

Several days before the jury trial, Appellant's counsel was informed by the co-defendant's attorney that the State's expert in bullet path documentation, Robert Yao, changed his opinion about the height of the shooter upon reviewing additional documentation

following his deposition testimony. When Yao informed the prosecutor about the change in his opinion sometime within two weeks of the trial, the prosecutor advised him to notify the defense. Appellant's counsel did not bring to the trial court's attention prior to trial that the prosecutor failed to disclose to him the change in Yao's testimony. In fact, defense counsel sat through opening statements and the testimony of six State witnesses, and he waited until Yao, the State's seventh witness, was asked about his opinion on direct examination to raise the discovery violation. The prosecutor stated she was unaware that Yao informed only the co-defendant's attorney, and not Appellant's counsel, and there was no bad faith on her part. Defense counsel indicated that he believed the prosecutor and the error was not the State's fault, but that of Yao. After a *Richardson** hearing, the trial court denied Appellant's request to exclude Yao's new opinion testimony upon finding that the State's discovery violation was not willful and did not result in procedural prejudice, which ruling Appellant challenges. The State argues in part that the issue was not preserved.

Because Appellant did not timely bring the discovery violation to the trial court's attention, we agree with the State that the argument was not preserved and, accordingly, affirm as to this issue. *See Scott v. State*, 230 So. 3d 613, 619 n.5 (Fla. 5th DCA 2017) (stating that a discovery violation is waived if not timely raised, and noting that had defense counsel been aware of the substance of the witness's rebuttal testimony, he should have raised the alleged discovery violation prior to the witness's testimony); *Major v. State*, 979 So. 2d 243, 244 (Fla. 3d DCA 2007) ("Where a defendant fails to timely object to a discovery violation or to request a *Richardson* hearing, the defendant does not preserve the point for appellate review."); *see also Guzman v. State*, 42 So. 3d 941, 943–44 (Fla. 4th DCA 2010).

During deliberations, the jury submitted the following question: "According to the law [a]re there any exceptions/exemptions to an individual being a principal to a criminal act --> Re: Instructions Instructions page 5: Principals, ¶

---

* *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

2

1 "commit <u>a</u> crime"--> ¶ 1 --> that <u>the</u> criminal act be done ie – Principal to Any act?" The trial court was concerned about guessing what the jury was asking and proposed giving the following response: "I have given you the full definition of principals. There are no exceptions/exemptions to an individual being a principal to a criminal act. I am not clear about the rest of your question. Please clarify your question for me." Appellant's counsel took the position that the jury's question should be answered in the negative because the defendant had to be a principal to the charged crime, not to any act, but stated he "will defer to the court." Counsel then affirmatively agreed with the trial court about seeking clarification of the jury's question, stating, "Let's clarify," and "That's fine, Judge." Counsel never raised an objection to the court's proposed response. In fact, when the court stated, "If y'all don't have a problem, I will go ahead and give them this answer," defense counsel responded, "Of course not, Judge." The jury was given the court's proposed response and did not clarify its question.

For the first time on appeal, Appellant challenges the trial court's response to the jury's question and asserts that it was a confusing misstatement of the law and invaded the province of the jury. However, Appellant cannot benefit from his silence and acquiescence, and we affirm as to this issue based on his failure to preserve the alleged error. *See Romero v. State*, 169 So. 3d 1261, 1262–63 (Fla. 5th DCA 2015) (finding the error unpreserved where defense counsel made a suggestion, but then assented to the trial court's proposed answers to the jury's questions); *Tate v. State*, 136 So. 3d 624, 631 (Fla. 2d DCA 2013) (stating that the appellant did not preserve his challenge to the trial court's answer to the jury's question where he did not object and actually agreed to the court's response); *Sailor v. State*, 816 So. 2d 182, 184 (Fla. 1st DCA 2002) (affirming as to the appellant's argument that the trial court erred in responding to a jury question because the issue was not preserved with a contemporaneous objection, and noting that "[t]his approach, whereby a party waits to see if the jury renders a favorable verdict while the party withholds a claim of error in the process, is the type of gamesmanship which the contemporaneous objection requirement is designed to prevent").

3

Because we affirm Appellant's convictions, we dismiss the State's cross-appeal as moot without further discussion. *See State v. Ward*, 219 So. 3d 1022 (Fla. 5th DCA 2017) (affirming the appeal and dismissing the cross-appeal as moot); *Albritton v. State*, 48 So. 3d 933 (Fla. 4th DCA 2010) (same).

Appeal AFFIRMED; Cross-appeal DISMISSED as moot.

LEWIS, MAKAR, and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Baya Harrison, III, Monticello, for Appellant/Cross-Appellee.

Ashley Moody, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.