884 So.2d 976 (2004)
STATE of Florida, Petitioner,
v.
Kevin ROBERSON, Respondent.
No. 5D04-426.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
*977 Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Petitioner.
Vincent W. Howard, Jr., of Howard & Reyes, Chartered, Sanford, for Respondent.

ON RESPONDENT'S MOTION FOR REHEARING
MONACO, J.
Respondent's Motion for Rehearing is granted, the prior opinion of this court dated April 23, 2004, is withdrawn, and we substitute the following in its place.
The State of Florida seeks certiorari review of a pre-trial discovery order compelling the production of the mental health records of the purported victim of sex crimes for which the Respondent, Kevin Roberson, is charged. Because we conclude that the psychotherapist-patient privilege applies to some of the mental health records requested, we grant certiorari and quash the discovery order.
Mr. Roberson is charged with one count of lewd or lascivious battery with a person 12 years of age or older but less than 16 years of age in violation of section 800.04(4)(a), Florida Statutes (2003), and two counts of lewd or lascivious molestation in violation of section 800.04(5), Florida Statutes (2003). In each instance the alleged victim is K.A. While taking depositions, Mr. Roberson learned that K.A. had a history of mental health difficulties, including a prior commitment pursuant to the Baker Act, and was taking various medications as part of her treatment. Mr. Roberson sought to obtain K.A.'s mental health records, asserting that discovery was necessary to evaluate her capacity to observe, remember and recount the events that gave rise to the criminal charges. The original trial judge denied the requested discovery. After a successor judge was assigned to his case, Mr. Roberson renewed his motion, and the successor judge ordered an in camera inspection of all of these records to determine if their disclosure was warranted. The State seeks certiorari review of this order. Because the legislature has treated mental health records resulting from Baker Act proceedings differently from mental health records otherwise generated, we will address each separately:

*978 A. RECORDS OF BAKER ACT PROCEEDINGS.
Part I of chapter 394, Florida Statutes (2003), the Baker Act, describes the procedures prescribed by the legislature for the involuntary evaluation or commitment of persons suffering from mental, emotional and behavioral disorders. See § 394.453, Fla. Stat. (2003). The clinical records associated with Baker Act commitments are required to be confidential, except under very limited circumstances. Section 394.4615, Florida Statutes (2003), which describes the confidentiality of these clinical records provides in pertinent part:
(1) A clinical record shall be maintained for each patient. The record shall include data pertaining to admission and such other information as may be required under rules of the department. A clinical record is confidential and exempt from the provisions of s. 119.07(1). Unless waived by express and informed consent, by the patient or the patient's guardian or guardian advocate ... the confidential status of the clinical record shall not be lost by either authorized or unauthorized disclosure to any person, organization, or agency.
(2) The clinical record shall be released when:
(a) The patient or the patient's guardian authorizes the release....
(b) The patient is represented by counsel and the records are needed by the patient's counsel for adequate representation.
(c) The court orders such release. In determining whether there is good cause for disclosure, the court shall weigh the need for the information to be disclosed against the possible harm of disclosure to the person to whom such information pertains.
This statute was considered by the Fourth District in Katlein v. State, 731 So.2d 87 (Fla. 4th DCA 1999). The court there set out a mechanism for determining when it is appropriate for a court to order the release of such records, which we find to be fair and reasonable. The party seeking the records must first make a threshold showing that the privileged records are likely to contain relevant evidence. "The defendant must advance a good faith factual basis which is not `merely a desperate grasping at a straw.' Id. at 90 (citing to People v. Gissendanner, 48 N.Y.2d 543, 423 N.Y.S.2d 893, 399 N.E.2d 924 (N.Y.1979)). In other words, no fishing expeditions." Katlein, 731 So.2d at 90. If a showing is made that the records are likely to contain relevant evidence, the court will do an in camera inspection. If the court concludes after inspecting the records that they contain relevant information, it should then allow the parties access to them in order to determine whether disclosure of the information to the trier of fact is required to ensure a fair trial. The burden is on the party seeking disclosure to demonstrate that disclosure is required.
Thus, we conclude that the Baker Act records of the witness in the present case are indeed subject to an in camera inspection and potential disclosure using the terms outlined in Katlein.

B. OTHER MENTAL HEALTH RECORDS.
We now turn to a consideration of whether the other mental health records of the witness are subject to in camera inspection. We conclude that they are not.
Section 90.503(2), Florida Statutes (2003), which defines the psychotherapist-patient privilege, states that the patient "has a privilege to refuse to disclose, and prevent any other person from disclosing confidential communications or records made for the purpose of diagnosis or treatment *979 of the patient's mental or emotional condition ..." The State argues that the statute prohibits the disclosure of K.A.'s records. Mr. Roberson asserts that his Sixth Amendment right of confrontation of witnesses, and his Fifth Amendment right to due process compel disclosure of all of K.A.'s mental health records for an in camera review, despite the language of the statute.
The primary question presented by this appeal was considered en banc by the Third District Court of Appeal in State v. Famiglietti, 817 So.2d 901 (Fla. 3d DCA 2002). The plurality opinion authored by Judge Cope concluded that neither the Evidence Code, nor any applicable constitutional principle allows the invasion of a victim's privileged communications with her psychotherapist. Accordingly, the court declined to allow disclosure of the victim's mental health records, even if those records were first screened by the trial court in camera. We fully agree with Judge Cope's reasoning and conclusion.[1]
The opinion of the United States Supreme Court in Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), supports this conclusion. The Court there pointed out that the psychotherapist-patient privilege serves the public interest "by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem." Id. at 11. The opinion says further:
Effective psychotherapy ... depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment.
Id. at 10, 116 S.Ct. 1923. The Court endorsed the concept that confidentiality is the sine qua non for successful psychiatric treatment. Id. at 10, 116 S.Ct. 1923. The lead opinion also rejected the use of in camera inspections as a means to balance the competing interests of the criminal defendant and the witness, saying that "making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's *980 interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." Jaffee, 518 U.S. at 17-18, 116 S.Ct. 1923.
The importance of the psychotherapist-patient privilege in modern society is confirmed by the fact that all fifty states, the District of Columbia, and the federal courts have enacted or adopted some form of the privilege into their jurisprudence. The Florida legislature has engrafted three evidentiary exceptions to the privilege, which basically are that there is no privilege associated with involuntary commitment proceedings; or when there is a court ordered mental examination; or when the patient raises and relies on the issue of his or her mental condition in litigation as part of a claim or defense. See § 90.503(4), Fla. Stat. (2003). If there are going to be other exceptions to general mental health records  such as the use of an in camera inspection  then the legislature should first define them, much as it did with respect to Baker Act records, so that persons seeking the aid of a psychotherapist will know what the rules are going in.
Accordingly, we grant the petition for certiorari and quash the order of the trial court granting discovery into all of the mental health records of K.A., except for those records generated by any Baker Act proceedings she may have been subject to. As the Famiglietti court did, and for the reasons stated in Famiglietti, we disagree with State v. Pinder, 678 So.2d 410 (Fla. 4th DCA 1996), to the extent that it approves the in camera inspection procedure for mental health records other than Baker Act records.[2]
WRIT GRANTED.
PALMER and ORFINGER, JJ., concur.
NOTES
[1] We observe that there appears to be significant support for the proposition that the confrontation clause of the Sixth Amendment deals with trial rights, as opposed to pre-trial rights. In Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), the high court addressed certain issues concerning whether a criminal defendant charged with child molestation could obtain pre-trial discovery of files from Pennsylvania's children and youth services agency to determine if the information contained within them would assist his defense at trial. While no majority emerged with respect to whether the confrontation clause applies to pre-trial activities, four justices expressed the view in the lead opinion that the right to confrontation is a trial right that is designed to prevent improper restrictions on questioning by the defense. The plurality wrote that "The ability to question adverse witnesses ... does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Id. at 52-53, 107 S.Ct. 989; see also, People v. Hammon, 15 Cal.4th 1117, 65 Cal.Rptr.2d 1, 938 P.2d 986 (1997). Cf., Goldsmith v. State, 337 Md. 112, 651 A.2d 866 (1995). While we need not deal with this issue in the present case, we do note that our opinion concerns only pre-trial discovery of mental health records, and does not address what questioning on mental health matters may be permitted at trial. We leave that for another day.
[2] In Pinder the Fourth District held that records or communications between a sexual assault counselor and a victim made confidential by section 90.5035, Florida Statutes, are subject to an in camera review, and are ultimately subject to discovery if the defendant establishes a reasonable probability that the privileged matters contain material information necessary to the defense. In the final analysis, however, the court concluded that the defendant failed to make the requisite factual showing, and quashed the discovery order.