993 So.2d 991 (2007)
C.L., Petitioner,
v.
Grady JUDD, as Sheriff of Polk County, Florida; and Deputy Matthew Dennis, Respondents.
No. 2D07-556.
District Court of Appeal of Florida, Second District.
November 2, 2007.
*993 John Hugh Shannon of John Hugh Shannon, P.A., Lakeland, for Petitioner.
Cassandra Larkin Denmark, Director, and David S. Bergdoll, Staff Attorney, Office of Legal Affairs, Polk County Sheriff's Office, Bartow, for Respondents.
WALLACE, Judge.
C.L.[1] petitions this court for a writ of certiorari to quash a trial court order compelling her to disclose information that she claims is protected by The Baker Act[2] and the psychotherapist-patient privilege.[3] We hold that the circuit court's order departed from the essential requirements of the law, causing material injury to C.L. for which there is no adequate remedy on appeal. We grant relief in part and deny relief in part. We quash the order to the extent that the circuit court ordered C.L. to produce her mental health records without first conducting an in camera inspection. Furthermore, we quash that part of the order under review that required C.L. to produce documents protected by the psychotherapist-patient privilege. To the extent that C.L. seeks additional relief from the order, we deny the petition.

I. FACTS AND PROCEDURAL HISTORY
In June 2004, the Polk County Sheriff (the Sheriff) and one of his deputies, Matthew Dennis, filed a verified complaint for injunctive relief against C.L. In their complaint, the Sheriff and his deputy alleged that Deputy Dennis and C.L. resided in the same subdivision in Polk County. The Sheriff and his deputy also allegedin pertinent partthat "[C.L.] poses a great threat of harm to DEPUTY MATTHEW DENNIS, his family, friends, and property because of her tendency to lose control due to her alleged mental illness." C.L. filed an answer that denied the material allegations of the complaint and raised the affirmative defenses of duress and estoppel. After a hearing, the circuit court entered a temporary injunction that ordered C.L. to have no contact with Deputy Dennis and to take alternate routes to and from her residence so that she did not pass by Deputy Dennis' residence.
After taking C.L.'s deposition, the Sheriff requested that C.L. produce the following documents:
1. Copies of any documents that [C.L.] will rely upon to show that [C.L.] no longer has a tendency to lose control or that any mental illness she has suffered is in remission and does not pose a threat to Deputy Sheriff Matthew Dennis.
2. Copies of any documents in [C.L.'s] possession or under her control which show the nature of the mental illness she is or has been suffering from.
3. Copies of any prescriptions for any medicines to treat her mental conditions *994 from October 1, 2003, to the present date.
4. Copies of any discharge records from the military, including any providing a reason for [C.L.'s] discharge.
5. Copies of any military reports, police reports, or medical reports in [C.L.'s] possession or under her control which deal with any acts of violence by [C.L.] to herself or to others.
In her response, C.L. initially objected to each request "as not being within the scope of discovery" and "not reasonably calculated to lead to the discovery of admissible evidence." The Sheriff moved to compel production of the requested documents, and C.L. filed a motion for protective order that did not raise any additional grounds for objection.
At a hearing on the Sheriff's motion to compel and on C.L.'s motion for protective order, counsel for the parties argued issues pertaining to statutory privileges. Within the time permitted by the circuit court, counsel for C.L. made an additional submission asserting the applicability of the confidentiality provisions of The Baker Act and the psychotherapist-patient privilege to the requested materials.
Without conducting an in camera inspection, the circuit court granted the Sheriff's motion to compel and ordered C.L. to produce the requested documents. In its order, the circuit court did not make any findings concerning whether the requested materials included mental health records protected by The Baker Act; the reasonable necessity, if any, for their production; or the applicability of the psychotherapist-patient privilege to the requested documents.

II. JURISDICTION FOR CERTIORARI REVIEW
Certiorari review of a discovery order is appropriate when the order "departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995) (citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987)). This court must first determine whether a petitioner has demonstrated that the trial court's order creates irreparable harm. See Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 3 (Fla. 2d DCA 2001). Orders compelling production of "cat out of the bag" material that is privileged or otherwise not discoverable are commonly reviewed by certiorari petition because the harm caused by wrongly requiring the petitioner to disclose protected material is irreparable. See Allstate Ins. Co., 655 So.2d at 94. We have jurisdiction for certiorari review in this case because the disclosure of nondiscoverable mental health records creates the potential for irreparable harm. See Ireland v. Francis, 945 So.2d 524, 525-26 (Fla. 2d DCA 2006). Accordingly, we must determine whether the trial court departed from the essential requirements of the law.

III. DEPARTURE FROM THE ESSENTIAL REQUIREMENTS OF THE LAW

A. Baker Act Records
The fifth item in the Sheriff's request for production soughtamong other thingsmedical reports "which deal with any acts of violence by [C.L.] to herself or to others." Our record suggests that the Sheriff wanted to obtain records pertaining to Baker Act proceedings instituted against C.L. several years ago. C.L. argues that the circuit court did not follow the procedure for determining when Baker *995 Act records may be disclosed under section 394.4615(2)(c), Florida Statutes (2005).
The trial court may order disclosure of confidential clinical records associated with Baker Act commitments after weighing "the need for the information to be disclosed against the possible harm of disclosure to the person to whom such information pertains." § 394.4615(2)(c). A party seeking Baker Act records must make a threshold showing that the records are likely to contain relevant evidence. State v. Roberson, 884 So.2d 976, 978 (Fla. 5th DCA 2004); Katlein v. State, 731 So.2d 87, 90 (Fla. 4th DCA 1999). After the party seeking the records meets this threshold, the court must conduct an in camera inspection of the records. Roberson, 884 So.2d at 978; Katlein, 731 So.2d at 90. The parties can access the records only if the court finds that the records have relevant information. Roberson, 884 So.2d at 978; Katlein, 731 So.2d at 90.
While the records that the Sheriff seeks may contain relevant evidence showing whether C.L. poses any threat of harm to Deputy Dennis stemming from her alleged mental illness, neither the transcript of the hearing on the motions nor the circuit court's order reflects any in camera inspection of C.L.'s mental health records. By requiring the production of the records of C.L.'s Baker Act commitment without first conducting an in camera inspection to prevent disclosure of information that is irrelevant to the litigation, the circuit court's order departed from the essential requirements of the law. See Roberson, 884 So.2d at 978; Katlein, 731 So.2d at 90. Accordingly, we quash the order in part, and we remand for such an in camera inspection to protect C.L.'s privacy interests.

B. Other Mental Health Records
The first, second, and third items in the Sheriff's request for production sought documents indicating (1) whether "any mental illness [C.L.] has suffered is in remission," (2) "the nature of the mental illness she is or has been suffering from," and (3) "any prescriptions for any medicines to treat her mental conditions." C.L. contends that these documents are protected by the psychotherapist-patient privilege and that the Sheriff has not shown that any exception to the privilege exists.
Under the psychotherapist-patient privilege, a patient has a privilege to refuse to disclose confidential information or records made for the purpose of diagnosis or treatment of mental conditions, including any diagnoses made by the psychotherapist. § 90.503(2), Fla. Stat. (2005); see Pauker v. Olson, 834 So.2d 198, 200 (Fla. 2d DCA 2002). The psychotherapist-patient privilege does not apply: (1) during involuntary commitment proceedings, (2) when there is a court-ordered mental examination, or (3) when the patient raises and relies on the issue of his or her mental condition in litigation as part of any claim or defense. § 90.503(4); Roberson, 884 So.2d at 980; State v. Famiglietti, 817 So.2d 901, 903 (Fla. 3d DCA 2002). The privilege does not allow the invasion of a patient's privileged communications with his or her psychotherapist. Roberson, 884 So.2d at 979.
Here, the Sheriff has not demonstrated that any exception to the psychotherapist-patient privilege applies. This case does not involve an involuntary commitment, and there is no indication that the records sought were the result of any court-ordered mental evaluation. Furthermore, C.L. has not raised or relied on her mental condition as part of any claim or defense. C.L. made no claim against the Sheriff or Deputy Dennis; the only *996 defenses that she raised in her answer to the complaint were estoppel and duress. The Sheriff's allegations about C.L.'s alleged mental instability are insufficient to overcome the psychotherapist-patient privilege. See Schouw v. Schouw, 593 So.2d 1200, 1201 (Fla. 2d DCA 1992). Thus the circuit court's order departs from the essential requirements of law by ordering C.L. to produce records about her alleged mental illness and the treatments prescribed for it. Therefore, we quash that portion of the order compelling C.L. to produce these records.

C. Other Documents
C.L. does not argue that the circuit court's order departs from the essential requirements of law by requiring her to produce any other documents. Consequently, we deny C.L.'s petition for writ of certiorari with respect to those documents sought by the Sheriff which are not protected either by The Baker Act or the psychotherapist-patient privilege.

IV. CONCLUSION
Because the circuit court did not conduct an in camera review, we conclude that its order departed from the essential requirements of law to the extent that it compelled the production of mental health records covered by The Baker Act. Furthermore, because the Sheriff failed to establish that any of the exceptions to the psychotherapist-patient privilege applied, that part of the order that required C.L. to produce documents protected by the psychotherapist-patient privilege departed from the essential requirements of law. Therefore, we grant the petition for writ of certiorari in part, and we quash those parts of the order compelling C.L. to disclose information protected by The Baker Act and the psychotherapist-patient privilege. On remand, the circuit court shall conduct an in camera inspection prior to ordering production of any records protected by The Baker Act. The circuit court may also conduct an evidentiary hearing to determine which of the requested materials are protected by the psychotherapist-patient privilege. In all other respects, we deny the petition.
Petition granted in part and denied in part; order quashed in part.
FULMER and CANADY, JJ., Concur.
NOTES
[1] In this opinion, we have used the petitioner's initials to protect her privacy.
[2] §§ 394.451-.4789, Fla. Stat. (2005). The Baker Act is also known as "The Florida Mental Health Act." § 394.451.
[3] § 90.503, Fla. Stat. (2005).