WALLACE, Judge.
The State seeks review by certiorari of the trial court’s order requiring disclosure of (1) the identities and statements of cooperating defendants in the underlying criminal prosecution and in related cases, and (2) the redacted transcript of a proffer statement made by a single individual who has been charged in a related case. We grant the petition in part, and we deny it part.
I. INTRODUCTION
In the underlying prosecution, case number 10-CF-009043, the State charged twenty-eight individuals[1] with a variety of offenses relating to the trafficking of cocaine and marijuana, money laundering, *1214 racketeering, and conspiracy. Law enforcement officers apparently used search warrants and extensive wire-tapping in their investigation of the alleged offenses. Several of the defendants in the underlying prosecution either filed or joined in motions to compel the State to disclose certain information. These defendants sought the disclosure of the identities of and the statements made by all codefen-dants and confidential informants in case number 10-CF-009043 and related cases, including the statements of codefendants who had cooperated with the State during its investigation. The defendants requested this information without regard to whether or not the State intended to call these persons as witnesses at trial. In the order under review, the trial court ordered the State to make the requested disclosures in substantial part and reserved ruling on a portion of the defense request.
II. THE PROCEDURAL HISTORY
The defendants, Jonathan Fernandez and Warren Keene, filed the four defense motions that are pertinent to our consideration of this case. In addition, the State filed a motion in opposition to the defense requests. Listed in chronological order, the pertinent motions are as follows:
1. Fernandez: “Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment and Impeaching Information,” dated April 12, 2012.
2. Keene: “Adoption of Fernandez’ Motion to Compel Disclosure and Memorandum of Law — Disclosure Specific to Keene,” filed January 16, 2013.
3. Fernandez: “Motion to Compel,” dated March 6, 2013.
4. State: “Motion to Declare Confidentiality of Court Records and Motion for Protective Order,” dated April 18, 2013.
5.Fernandez: “Motion to Disclose Identity of Confidential Informants and Cooperating Co-Defendants,” dated May 3, 2013.
The parties inform us that several of the codefendants in the underlying prosecution have either adopted or joined in one or more of the motions filed on behalf of Mr. Fernandez and Mr. Keene.
On February 5, 2013, the State responded to the Fernandez motion of April 12, 2012, “Motion to Compel Disclosure of Existence and Substance of Promises.” The State’s response addresses, paragraph by paragraph, each of the defense requests in the Fernandez motion. The requests by the defendants and corresponding responses by the State pertinent to the issues in this case are as follows:
7. Any and all consideration or promises of consideration given to or on behalf of the witnesses or expected or hoped for by the witnesses.
Answer: None, except for matters not subject to disclosure under Fla. R. Crim. P. 3.220(g)(2).
[[Image here]]
9. Whether the witness has testified before any Court, Grand Jury or other tribunal or body ... or otherwise narrated any facts regarding Defendants or this investigation ....
Answer: One or more Defendants in the [Hillsborough Circuit Criminal Case Numbers 10-CF-0009043], 10-CF-014101, and 10-CF-014110 have submitted to a debriefing after being arrested and represented by counsel. Any debriefings related to the facts and circumstances relevant to this case were made in confidence and under an agreement of use immunity.
The State also provided a “Tenth Amended Notice of Discovery and Additional Witness List in Response to Defen *1215 dants’ Motion to Compel Disclosure [etc].” This notice lists the twenty-eight persons charged in case number 10-CF-009043 (the underlying prosecution), two persons charged in case number 10-CF-009032, two persons charged in case number 10-CF-014110, and two persons charged in ease number 10-CF-014101. In the notice, the State says that these are all of the persons who may have relevant information, but that it does not necessarily intend to call all of them as witnesses at trial.
The State also includes in its notice the names of five additional “Defendants/witnesses” that it suggests the State may call as witnesses at trial. The “Defendants/witnesses” listed include the following: two persons who were charged in case number 10-CF-009032; one person who was charged in case number 10-CF-014110; one person who was charged in case number 10-CF-014101; and one person who is the only codefendant named as a potential witness for the State who was charged in case number 10-CF-009043, the underlying prosecution.
In response to the request for written or recorded statements by any person whose name has been furnished, the prosecution responded that certain depositions had been taken by the Office of the Public Defender in case number 10-CF-014101, but that the State was not aware of any transcripts that resulted from the depositions. Notably, the prosecution further responded to this request as follows:
The undersigned is aware of statements of one or more Defendants/witnesses under [Florida Rule of Criminal Procedure 3.220(b(l)(A) ], other than discovery already provided. However, the undersigned is unaware of any statements of any such Defendant/witness subject to disclosure under Fla. R. Crim. P. 3.220, as those statements which have not been provided in discovery were either: (1) unrelated to the facts and circumstances of the captioned case, (2) related to ongoing investigations or intelligence gathering regarding unrelated cases or investigations, or (3) made during debriefing sessions of Defendants/witnesses, not identified as State witnesses, above, and made under a promise of immunity or confidentiality of such statements until such time as the Defendant/witness agrees to be identified as a witness in the case.
(Emphasis added). In the trial court, the defense challenged the prosecution’s refusal to disclose the statements purportedly made to it “under a promise of immunity or confidentiality ... until such time as the Defendant/witness agrees to be identified as a witness in the case.”
Comments appearing in the transcript of the hearing in the trial court suggest that the three men named as defendants in case numbers CF-10-009032 and 10-CF-014110 have entered pleas with the expectation of cooperating with the State. In addition, we glean from the hearing transcript that the ease file for the two men charged in case number 10-CF-009032 had been sealed by a circuit judge, but the circuit judge whose order is the subject of this petition ordered or intended to order that the case file be reopened.[2]
On March 20, 2013, the trial court conducted a hearing on the first two defense motions, i.e., Mr. Fernandez’s motion of April 12, 2012, and Mr. Keene’s “adoption” of the Fernandez motion. After that hearing, the trial court ordered the State to *1216 provide the requested information to the court for an in camera inspection. In response, the State provided a single transcript of the debriefing of a single individual (“Mr.X”), who had been charged in a separate “but connected” case.
The trial court conducted a follow-up hearing on May 10, 2018. Before that hearing, the remaining three motions referenced above were filed. After the follow-up hearing, the trial court entered the order that is under review.
III.THE TRIAL COURT’S ORDER
The trial court’s order comprises three distinct rulings. First, with regard to the motions that sought to compel the identity of the cooperating defendants and their statements, the trial court granted the defendants’ motions and ordered the State to disclose any written or recorded statements as well as the substance of any oral statements made by any codefendant. Second, with regard to the transcript of the debriefing of Mr. X, the trial court decided that the transcript was relevant to the underlying prosecution. For this reason, the trial court ruled that the transcript was discoverable under Florida Rule of Criminal Procedure 3.220(b)(1)(D) (“any written or recorded statements and the substance of any oral statements made by a codefendant”). However, the trial court also permitted the State to redact from the transcript references to “unrelated matters,” pagination, and the name of the court reporting service. Third, with regard to the State’s motion to declare confidentiality and motion for a protective order, the trial court denied the motion as it pertained to the codefendants and reserved ruling on the motion insofar as it sought to protect the statements of uncharged confidential informants.
IV.THE STANDARD OF REVIEW
The order under review is not one of the orders listed in Florida Rule of Appellate Procedure 9.140(c)(1) from which the State may take a nonfinal appeal. Under these circumstances, where the effect of an acquittal would be to leave the State without an effective remedy and cause irreparable harm, the Florida Supreme Court has recognized that a petition for certiorari is “an apt remedy” for those orders that adversely affect the State’s ability to prosecute. State v. Pettis, 520 So.2d 250, 253 (Fla.1988); State v. Storer, 920 So.2d 754, 758 (Fla. 2d DCA 2006). However, the relief available to the State by certiorari is limited. “While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where ‘there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” Pettis, 520 So.2d at 254 (citing Combs v. State, 436 So.2d 93, 96 (Fla.1983)). “Only those [petitions for certiorari] are granted in which the error is serious.” Pettis, 520 So.2d at 253. Where the trial court’s ruling does not substantially impair the State’s ability to bring its case, relief by certiorari is not available, and the petition should be dismissed. State v. Sealy-Doe, 861 So.2d 530, 531 (Fla. 4th DCA 2003).
V.DISCUSSION
A. The Availability of Relief by Certio-rari in this Case
Initially, we address the question of whether the State may properly seek review by certiorari of the trial court’s order under the circumstances of this case. The State objects to the disclosure of the information ordered by the trial court based primarily on its claim that the information is confidential and privileged. Generally speaking, the district courts of appeal have *1217 recognized an objection by the State to court-ordered discovery in a criminal case based on a claim of privilege as a basis upon which the State may seek review by certiorari of a nonfinal order. See State v. Burgos, 985 So.2d 642, 643 (Fla. 2d DCA 2008) (order requiring the disclosure of the identity of a confidential informant); State v. Borrego, 970 So.2d 465, 466 (Fla. 2d DCA 2007) (same); State v. Roberson, 884 So.2d 976, 977 (Fla. 5th DCA 2004) (order requiring the production of the mental health records of the alleged victim); State v. Famiglietti 817 So.2d 901, 902-03 (Fla. 3d DCA 2002) (en banc) (same); State v. Diamond, 553 So.2d 1185, 1192 (Fla. 1st DCA 1988) (en banc) (order requiring the alleged minor victim of a sexual battery to submit to a physical examination by a medical expert selected by the defendant). Here, the unwarranted disclosure of information claimed to be privileged in accordance with the trial court’s pretrial order would leave the State "without an effective remedy and cause irreparable harm. Accordingly, this is a case where certiorari review is “an apt remedy.” Pettis, 520 So.2d at 253.
B. The Applicable Law
The issues in this case relate to the scope of the prosecution’s discovery obligations, including its claims of privilege, where the various defendants have elected to participate in the discovery process. The law generally applicable to these questions is Florida Rule of Criminal Procedure 3.220 concerning “Discovery.” With regard to the prosecution’s discovery obligation, the rule provides, in pertinent part, as follows:
(b) Prosecutor’s Discovery Obligation
(1) Within 15 days after service of the [defendant’s] Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state’s possession or control ...
(A) a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes....
[[Image here]]
(B) the statement of any person whose name is furnished in compliance ■with the preceding subdivision. The term “statement” as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are compiled;
(C) any written or recorded statements and the substance of any oral statements made by the defendant, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements;
(D) any written or recorded statements and the substance of any oral statements made by a codefendant.
Section (g)(2) of rule 3.220 concerning informants recognizes the State’s limited privilege to decline to disclose the identity of a confidential informant as follows:
Disclosure of a confidential informant shall not be required unless the confi *1218 dential informant is to be produced at a hearing or trial or a failure to disclose the informant’s identity will infringe the constitutional rights of the defendant.
See Roviaro v. United States, 353 U.S. 53, 59-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (discussing the scope and limitations of the privilege).
Pertinent to our inquiry is the distinction the discovery rule’s provisions draw between witness statements and statements made by defendants and codefen-dants based on whether or not the statements have been reduced to writing or otherwise recorded. With regard to the statements of witnesses, the prosecution need not disclose such statements unless the statements are written, recorded, or otherwise reduced to writing. Fla. R. Crim. P. 3.220(b)(1)(B). See State v. McFadden, 50 So.3d 1131, 1132-33 (Fla.2010); Burkes v. State, 946 So.2d 34, 36-37 (Fla. 5th DCA 2006); Balboa v. State, 446 So.2d 1134,1135 (Fla. 3d DCA 1984). Witness statements appearing in pertinent police and investigative reports are expressly included within the definition of statements that the prosecution must disclose. Fla. R. Crim. P. 3.220(b)(1)(B). The discovery rule treats statements made by defendants and codefendants differently. With regard to them statements, the prosecution must disclose not only “any written or recorded statements” but also “the substance of any oral statements.” Fla. R. Crim. P. 3.220(b)(l)(C)-(D). See Brown v. State, 640 So.2d 106, 107 (Fla. 4th DCA 1994).
C. Cooperating Defendants, Proffers, and “Queen for a Day” Agreements
The State challenges the order under review because it requires the prosecution to disclose certain statements made by codefendants in the underlying prosecution and by additional defendants in several other related eases. An understanding of the context in which these individuals made the statements in question is critical to an analysis of the issues in this case.
The underlying prosecution and various related cases involve more than thirty defendants. Some of these defendants have either sought to cooperate or have agreed to cooperate with the prosecution. Such individuals, who may be described as “cooperating defendants” or “accomplice witnesses,” are “participants in the criminal activity who agree to cooperate in the investigation and testify against other participants.” Ann C. Rowland, Effective Use of Informants & Accomplice Witnesses, 50 S.C. L. Rev. 679, 679 (1999). Generally speaking, the first step in the process a defendant takes to become a cooperating defendant is to make a formal statement to the prosecution concerning the information the prospective cooperator can provide in exchange for immunity or leniency. The defendant typically makes his or her statement, generally referred to as a “proffer” or “proffer statement,” in accordance with a proffer agreement. Prosecutors and members of the criminal defense bar often colloquially refer to the proffer agreement as a “Queen for a Day” letter. One commentator has outlined the process of making a proffer in accordance with such an agreement as follows:
Prior to, as well as after, indictment, a potential or actual defendant and his counsel often meet with the government in “proffer sessions” to answer questions and discuss the possibility of procuring an advantage from the government. Before commencing a proffer session, the government customarily presents the defendant with a standard proffer agreement — more commonly known as a Queen for a Day agreement — that governs the conditions under which the parties agree to conduct an interview. This *1219 “curious sobriquet in criminal law” covers the “conventional first step” in the process where defense counsel provides information to the government in an attempt to establish credibility and convince the government to consider a cooperation agreement, a plea agreement, or a non-prosecution agreement.
Benjamin A. Naftalis, “Queen for a Day” Agreements and the Proper Scope of Permissible Waiver of the Federal Plea-Statement Rules, 37 Colum. J.L. & Soc. Probs. 1, 5 (2003) (footnotes omitted). By making a proffer statement under a proffer agreement, a cooperating defendant hopes to trade knowledge gained through participation in criminal activity in exchange for immunity or leniency. Graham Hughes, Agreements for Cooperation in Criminal Cases, 45 Vand. L. Rev. 1, 13 (1992).[3]
In this case, Mr. Fernandez and several of the other defendants in the underlying prosecution sought the disclosure of proffer statements made by any cooperating codefendant in the underlying prosecution and in the related ease. The State declined to produce this information, claiming that it was confidential and privileged.
D. Cooperating Codefendants and their Statements
The trial court’s order directs the State to disclose the identity of any cooperating codefendants in the underlying prosecution and related cases and the substance of all statements, written or oral. With one exception, we find no departure from the essential requirements of the law in this part of the order under review. Under rule 3.220, an individual’s status as a codefendant does not relieve the prosecution of its obligation to list the codefen-dant as a potential witness. See Kilpatrick v. State, 376 So.2d 386, 388 (Fla.1979); Carnivale v. State, 271 So.2d 793, 794-95 (Fla. 3d DCA 1973). The prosecution was obligated to disclose to the defense “any written or recorded statements and the substance of any oral statements made by a codefendant.” Fla. R. Crim. P. 3.220(b)(1)(D). In addition, the prosecution was obligated to disclose to the defense written or recorded witness statements. Fla. R. Crim. P. 3.220(b)(1)(A), (B).
We have only one quibble with this part of the trial court’s order. The trial court ordered the prosecution to disclose the written statements and the substance of oral statements not only of the codefen-dants in case number 10-CF-009043, the underlying prosecution, but also of the other defendants in the related cases. However, the individuals charged in the related cases are not codefendants of the defendants charged in the underlying prosecution because — at least insofar as our limited record reveals — the State has not charged those defendants with the same crime. However, the defendants charged in the related cases still qualify as witnesses. It follows that the prosecution was required to disclose the written or oral recorded statements of the codefen-dants charged in the related cases. Fla. R. Crim. P. 3.220(b)(1)(B). The trial court’s order departs from the essential requirements of the law only to the extent that it ordered the prosecution to disclose the substance of the unrecorded oral statements made by the defendants in the related cases. These individuals qualify as *1220 witnesses, but not as codefendants. Accordingly, the prosecution was not required to disclose the substance of their unrecorded oral statements. McFadden, 50 So.3d at 1132-38; Burkes, 946 So.2d at 36-37.
E. The Transcript of the Debriefing of Mr. X
In the order under review, the trial court also ordered the prosecution to disclose the transcript of the debriefing of Mr. X on the ground that the transcript was discoverable under rule 3.220(b)(1)(D) (“any written or recorded statements and the substance of any oral statements made by a codefendant”). Here, the trial court reached the correct result, but for the wrong reason. The State charged Mr. X in one of the related cases, but not in the underlying prosecution. Thus he did not qualify as a codefendant, and the State was not required to disclose the transcript of Mr. X’s debriefing under rule 3.220(b)(1)(D). Nevertheless, Mr. X had information relevant to the case, and he qualified as a witness. Undeniably, the State had a transcript of Mr. X’s debriefing session; the transcript qualified as a recording of an oral statement. Thus the prosecution was required to disclose the transcript under rule 3.220(b)(1)(B).
F. The State’s Arguments
The State makes four arguments in support of its contention that the trial court’s order departs from the essential requirements of the law. For the reasons set forth below, we find all of these arguments to be unpersuasive.
1. Confidential Informants
The State’s first argument proceeds from the notion that any cooperating defendants are acting as “confidential informants.” According to the State, the trial court’s order departs from the essential requirements of the law because it “ignores the government’s long standing common-law privilege not to disclose the identity of confidential informants [] and orders disclosure of this confidential privileged information based on a finding of mere relevance.” This court has described the State’s limited privilege as follows:
The State has a limited privilege to withhold the identity of persons who provide law enforcement officers with information about criminal activity. Because. the State has the privilege of nondisclosure, the burden is on the defendant claiming an exception to the rule to show why he is entitled to disclosure. The State’s privilege of nondisclosure may be overcome when an informant’s identity or the content of the informant’s communication would be relevant and helpful to a specific defense or when disclosure is “essential to a fair determination of the cause at issue.”
Borrego, 970 So.2d at 467 (citations omitted). Rule 3.220(g)(2) recognizes the State’s limited privilege with regard to disclosure of a confidential informant.
The State’s argument based on the confidential informant privilege confuses the role of a cooperating defendant or accomplice witness with the role of an informant. An informant is “[o]ne who informs against another; esp., one who confidentially supplies information to the police about a crime, sometimes in exchange for a reward or special treatment.” Black’s Law Dictionary 849 (9th ed. 2009). The tasks that informants perform are varied. An informant may provide information to law enforcement officers for their use in obtaining a search warrant. An informant may provide law enforcement officers with a tip about a planned crime that has not yet occurred, a crime that is already in progress, or a crime that has already occurred. *1221 An informant may or may not be a participant in the criminal activity at issue. Participation by informants in criminal activity at the behest of law enforcement officers often takes the form of setting up purchases and sales of controlled substances or illegal weapons. In addition, an informant may infíltrate organizations under investigation to gather intelligence for law enforcement officers or to act as an agent provocateur.
Several factors distinguish the informant from the cooperating defendant.[4] First, the informant’s interaction with the authorities generally occurs before the arrest of a suspect. The cooperating defendant only becomes a cooperator after the police make an arrest and criminal charges are lodged against the accused. Second, informants are generally recruited by and report to law enforcement officers. The cooperating defendant and his or her attorney seek to trade information — and possibly testimony — to prosecutors, not the police. Third, the informant may or may not be a participant in the criminal activity at issue. The cooperating defendant is a participant in the criminal activity charged. The cooperating defendant generally begins to cooperate after he or she has been charged or is at least about to be charged with one or more crimes. Finally, the rewards available to an informant may include monetary compensation or other less tangible benefits flowing from a onetime or a continuing relationship with one or more law enforcement officers or agencies. The cooperating defendant does not seek money. Instead, the cooperator has a single focus — winning a reward of immunity or leniency in the criminal prosecution in which he or she is a defendant.[5]
In this case, the trial court’s order required the prosecution to disclose the identity of the cooperating codefendants and the statements that they had made. The codefendants that had decided to cooperate with the prosecution were not confidential informants. Accordingly, the privilege upon which the State relies is simply inapplicable.
2. Agreements for Confidentiality
The State also argues that the trial court’s order departs from the essential requirements of the law because it required the prosecution to disclose information that it had obtained under confidentiality agreements. We assume, for purposes of this discussion, that the State obtained the statements in question from the cooperating defendants under a promise of some type of confidentiality. Nevertheless, the State’s promise to hold in confidence information that it must disclose *1222 under the discovery rules is not enforceable against the defendants who have elected to participate in reciprocal discovery. The State cannot avoid its discovery obligations under rule 3.220 simply by giving its interlocutors a promise of confidentiality. Were it otherwise, the State could shield almost any information from discovery by making a promise of confidentiality to the person providing the information. Unsurprisingly, the State does not cite any authority in support of this novel proposition.
3. Statements Made in another Case
The State also faults the trial court for requiring the disclosure of the written transcript of the debriefing of Mr. X on the ground that he is a defendant in a case other than the underlying prosecution. We reject this argument. The trial court specifically found that Mr. X was a witness with information relevant to the underlying prosecution. Accordingly, the State was required to disclose the written transcript of Mr. X’s debriefing under rule 3.220(b)(1)(B).
4. No Intention to Call the Witnesses
Finally, the State argues that it should not be required to disclose the identity of the cooperating defendants and to provide their statements because it does not know whether it will call them as witnesses at trial. Considering the complex nature of the crimes charged, the number of defendants in the underlying prosecution, and the existence of extensive wiretap evidence, it seems unlikely that the prosecution would go to the trouble of debriefing several cooperating defendants, none of whom it will call as witnesses at trial. However, for purposes of this discussion, we assume that the State will not call any of the cooperators as witnesses at trial.
The State does not cite any authority in support of the proposition that its discovery obligation is limited to witnesses and evidentiary materials that it intends to present at trial. Under rule 3.220, the parties’ reciprocal discovery obligations are not so limited. Indeed, this court recently agreed with the State’s argument that the defense’s obligation to make reciprocal discovery extended to an expert witness’s report even though the defense did not intend to call the expert as a witness at trial. Kidder v. State, 117 So.3d 1166, 1170-71 (Fla. 2d DCA 2013). The principle that we followed at the State’s urging in Kidder applies no less to the State’s reciprocal discovery obligation in this case.
G. Additional Considerations
As a caution, we note that our analysis of the issues in this case focuses on the prosecution’s obligation to make reciprocal discovery under rule 3.220. Of course, we recognize that the State may have additional obligations to provide information to the defense arising from other authorities. These additional obligations include, but are not necessarily limited to, (1) the State’s obligation to disclose evidence favorable to the defendant upon request, Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (2) the related obligation to disclose material evidence adversely affecting the credibility of a witness, Giglio v. United States, 405 U.S. 150, 153-54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
VI. CONCLUSION
We note that the liberal nature of Florida’s criminal discovery rules drives the result that we reach here. As the Florida Supreme Court has said:
*1223 Because full and fair discovery is essential to these important goals, we have repeatedly emphasized not only compliance with the technical provisions of the discovery rules, but also adherence to the purpose and spirit of those rules in both the criminal and civil context. This Court has explained that the rules of discovery are intended to avoid surprise and “trial by ‘ambush.’ ” In Binger [v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981) ], we emphasized that the “search for truth and justice can be accomplished only when all relevant facts are before the judicial tribunal. Those relevant facts should be the determining factor rather than gamesmanship, surprise, or superior trial tactics.”
[[Image here]]
Of course, the policy of avoiding trial by ambush or surprise has even greater application in the criminal context, where the stakes are much higher and the obligation of the State to see that justice is done is much greater than that of the private litigants in a civil dispute.
Scipio v. State, 928 So.2d 1138, 1144-45 (Fla.2006) (citations omitted). See also Michael E. Allen, Florida Criminal Procedure § 15:5 (2013) (“Florida provides liberal discovery rights in criminal prosecutions.”). In addition, regardless of formal discovery obligations, some prosecutors in Florida and elsewhere adhere to an “open-file” policy.[6] However, the information that the trial court properly ordered the prosecution to disclose to the defendants in this case would very likely not be subject to disclosure in federal jurisdictions or in states having less liberal criminal discovery rules than Florida. See, e.g., United States v. Acosta, 357 F.Supp.2d 1228, 1241-45 (D.Nev.2005) (discussing the extent of the government’s obligation to provide similar information under Brady and Giglio); State v. Eighth Jud. Dist. Ct. of the State of Nev., in and for the Cnty. of Clark, No. 62464, 2013 WL 324283, at *2 (Nev. Jan. 25, 2013) (unpublished order) (ruling that the prosecution was not required under NRS 174.235(l)(a) or other statute or rule to disclose to the defense a summary of an accomplice witness’s unrecorded oral proffer made during plea negotiations).
One might make an argument in favor of a discovery regime under which the prosecution would have a privilege not to disclose the contents of proffer statements made by cooperating defendants under a promise of confidentiality, subject to exceptions for Brady and Giglio material.[7] Florida law does not currently recognize a privilege of this sort. We decline the State’s invitation to write such a privilege into rule 3.220.
For all of the reasons set forth above, we grant the petition in part and deny it in part. We quash the trial court’s order to the limited extent that it would require the prosecution to disclose unrecorded oral statements made by defendants in cases other than case number 10-CF-009043, *1224 the underlying prosecution. In all other respects, we deny the petition.
Granted in part; denied in part.
NORTHCUTT and VILLANTI, JJ., Concur.

. Based on our limited record, we are uncertain about the exact number of the defendants in the underlying prosecution. Information in the record suggests that at least one of the defendants has died during the pendency of the prosecution.

. We have been unable to determine whether the three persons named in case numbers 10-CF-009032 and 10-CF-014110 are the “code-fendants” who are the subject of the parties’ controversy, or whether there are other code-fendants whose identities the State is attempting to protect that it definitely does not plan on calling as witnesses at trial.

. For more extensive discussions of how cooperating defendants are recruited, debriefed, and rewarded, see John Gleeson, Supervising Criminal Investigations: The Proper Scope of the Supervisory Power of Federal Judges, 5 J.L. & Pol'y 423, 447-55 (1997); Caren Myers Morrison, Privacy, Accountability, and the Cooperating Defendant: Towards a New Role for Internet Access to Court Records, 62 Vand. L. Rev. 921, 931-33 (2009).

. For discussion of the distinctions between informants and cooperating defendants, see Morrison, 62 Vand. L. Rev. at 922 n. 4; Michael L. Rich, Brass Rings and Red-Headed Stepchildren: Protecting Active Criminal Informants, 61 Am. U. L. Rev. 1433, 1439 n. 26 (2012); Rowland, 50 S.C. L. Rev. at 679. In addition, the "Standards on Prosecutorial Investigations,” adopted by the American Bar Association in 2008, recognize a distinction between confidential informants ("Standard 2.4 Use of Confidential Informants”) and cooperating individuals ("Standard 2.5 Cooperation Agreements and Cooperating Individuals and Organizational Witnesses”). Available at http://www.americanbar.org/ publications/criminal_justice_section_archive/ crimjust_standards_pinvestigate.html (last visited Apr. 10, 2014).

. We recognize that some cooperating defendants agree to assist law enforcement officers in scenarios intended to catch other offenders. However, the purpose of this type of cooperation is to help the authorities catch others in the act of committing new crimes, not to assist in the prosecution of defendants already charged along with the cooperator. Under these circumstances, such a person is acting as an informant and not as a cooperating defendant in the sense used here.

. See Brian P. Fox, An Argument against Open-File Discovery in Criminal Cases, 89 Notre Dame L. Rev. 425, 429 (2013) ("The central premise of open-file discovery is that everything the prosecution knows should be revealed to the defendant. Nothing is held back — if the prosecution has a piece of evidence, the defense has access to that same piece.”).

. Presumably, the prosecution would forfeit the hypothetical privilege at some point if it intended to call the cooperator as a witness at trial. The rationale for confidentiality vanishes if the cooperating defendant will testify.